Pro Se 4 (Rev. 12/16) Complaint for a Civil Case Alleging Breach of Contract

# UNITED STATES DISTRICT COURT
for the
_____ District of Massachusetts

Eastern Division

Nubian Mohammed, on behalf of himself and others similarly situated
Plaintiff(s)
(Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)

-v-

Allied Universal and Universal Protection Service, LLC
Defendant(s)
(Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)

Case No. _____
(to be filled in by the Clerk's Office)

Jury Trial: (check one)  [X] Yes  [ ] No

FILED IN CLERKS OFFICE
2022 APR -1 AM 9:56
U.S. DISTRICT COURT
DISTRICT OF MASS.

## COMPLAINT FOR A CIVIL CASE ALLEGING BREACH OF CONTRACT
(28 U.S.C. § 1332; Diversity of Citizenship)

I. **The Parties to This Complaint**

A. **The Plaintiff(s)**

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

Name: Nubian Mohammed
Street Address: 15 Charlotte Street
City and County: Boston Suffolk
State and Zip Code: Massachusetts 02121
Telephone Number: 617-407-3454
E-mail Address: nubianmohammed@yahoo.com

B. **The Defendant(s)**

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title *(if known)*. Attach additional pages if needed.

Pro Se 4 (Rev. 12/16) Complaint for a Civil Case Alleging Breach of Contract

Defendant No. 1

    Name: Allied Universal
    Job or Title (if known):
    Street Address: Eight Tower Bridge, 161 Washington St. #600
    City and County: Conshohocken, Montgomery
    State and Zip Code: Pennsylvania 19428
    Telephone Number: 484-351-1300
    E-mail Address (if known):

Defendant No. 2

    Name: Universal Protection Service, LLC
    Job or Title (if known):
    Street Address: Eight Tower Bridge, 161 Washington St. #600
    City and County: Conshohocken, Montgomery
    State and Zip Code: Pennsylvania 19428
    Telephone Number: 484-351-1300
    E-mail Address (if known):

Defendant No. 3

    Name:
    Job or Title (if known):
    Street Address:
    City and County:
    State and Zip Code:
    Telephone Number:
    E-mail Address (if known):

Defendant No. 4

    Name:
    Job or Title (if known):
    Street Address:
    City and County:
    State and Zip Code:
    Telephone Number:
    E-mail Address (if known):

Pro Se 4 (Rev. 12/16) Complaint for a Civil Case Alleging Breach of Contract

## II. Basis for Jurisdiction

Federal courts are courts of limited jurisdiction (limited power). Under 28 U.S.C. § 1332, federal courts may hear cases in which a citizen of one State sues a citizen of another State or nation and the amount at stake is more than $75,000. In that kind of case, called a diversity of citizenship case, no defendant may be a citizen of the same State as any plaintiff. Explain how these jurisdictional requirements have been met.

### A. The Plaintiff(s)

1. If the plaintiff is an individual

    The plaintiff, (name) __Nubian Mohammed__, is a citizen of the State of (name) __Massachusetts__.

2. If the plaintiff is a corporation

    The plaintiff, (name) _____, is incorporated under the laws of the State of (name) _____,

    and has its principal place of business in the State of (name) _____.

*(If more than one plaintiff is named in the complaint, attach an additional page providing the same information for each additional plaintiff.)*

### B. The Defendant(s)

1. If the defendant is an individual

    The defendant, (name) _____, is a citizen of the State of (name) _____. Or is a citizen of (foreign nation) _____.

2. If the defendant is a corporation

    The defendant, (name) __Allied Universal, et al.__, is incorporated under the laws of the State of (name) __Pennsylvania__, and has its principal place of business in the State of (name) __Pennsylvania__.

    Or is incorporated under the laws of (foreign nation) _____,

    and has its principal place of business in (name) _____.

*(If more than one defendant is named in the complaint, attach an additional page providing the same information for each additional defendant.)*

### C. The Amount in Controversy

The amount in controversy–the amount the plaintiff claims the defendant owes or the amount at stake–is more than $75,000, not counting interest and costs of court, because *(explain)*:

Pro Se 4 (Rev. 12/16) Complaint for a Civil Case Alleging Breach of Contract

_See attached_

### III. Statement of Claim

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

The plaintiff, (name) __Nubian Mohammed__, and the defendant, (name) __Allied Universal, et al.__, made an agreement or contract on (date) __January 1, 2022__ The agreement or contract was (oral or written) __written__. Under that agreement or contract, the parties were required to (specify what the agreement or contract required each party to do)

_See attached_

The defendant failed to comply because (specify what the defendant did or failed to do that failed to comply with what the agreement or contract required)

_See attached_

The plaintiff has complied with the plaintiff's obligations under the contract.

### IV. Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

_See attached_

## V. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A. For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: 4/1/22

Signature of Plaintiff: Nubian Mohammed PRO SE
Printed Name of Plaintiff: Nubian Mohammed PRO SE

### B. For Attorneys

Date of signing: _____

Signature of Attorney: _____
Printed Name of Attorney: _____
Bar Number: _____
Name of Law Firm: _____
Street Address: _____
State and Zip Code: _____
Telephone Number: _____
E-mail Address: _____

## United States District Court

Nubian Mohammed
    Plaintiff

v.

Allied Universal, et al.
    Defendant

### Plaintiff Statement of Claim

1. Defendant Allied Universal, is the product of the merger between two companies; AlliedBarton Security Services and Universal Services of America. The merger was finalized in August of 2016 (Simmons v. Allied Universal, et al.)
2. Defendant Universal Protection Service, LLC (Universal) is, upon information and belief, a subsidiary of defendant Allied Universal (Simmons v. Allied Universal, et al.)
3. Open enrollment for Defendant Allied Universal, et al. health benefits for the year 2022 started in or around November 2021.
4. The Defendant provided the Plaintiff and similarly situated Allied Universal employees with the Allied Universal Benefits pamphlet in or around early November 2021 which states "You may enroll your spouse, domestic partner and children up to age 26 in Allied Universal Benefits…You will be required to provide documentation proving your dependents(s) are eligible for Allied Universal coverage, such as, but not limited to…Proof of domestic partnership, such as documentation of registration or if your state or local government does not have a registry, a signed Affidavit of Domestic Partnership or Civil Union.." (Exhibit 1).
5. November 2, 2021 the Plaintiff made phone calls to Defendant Allied Universal, et al. benefits department in order to clarify the dependents that are eligible for plaintiff insurance coverage with Allied Universal Benefits in terms of a registered domestic partnership (Exhibit 2).
6. November 2, 2021 the Plaintiff emailed Defendant Allied Universal, et al. benefits department further seeking clarification for the dependents that are eligible for Plaintiff insurance coverage with Defendant Allied Universal, et al. benefits in terms of a registered domestic partnership (Exhibit 2).
7. Regarding the contract in question, the Plaintiff was required to make it known and/or register with the Defendant in writing the type of coverage the Plaintiff wanted through Defendant Allied Universal, et al. benefits (Exhibit 1, Exhibit 2, Exhibit 3 page 4, Exhibit 5 Exhibit 8, Exhibit 11, Exhibit 15, Exhibit 19, Exhibit 22, and Exhibit 23)
8. Regarding the contract in question, the Defendant was required to provide the Plaintiff with the Defendant Allied Universal, et al. benefits the Defendant offered the Plaintiff along with every other similarly situated Allied Universal employee who were offered the same benefits (Exhibit 1 and Exhibit 3 page 4).

9. The Defendant failed to comply with the agreement and/or contract when the Defendant denied the Plaintiff's claim for wanting coverage for all individuals in a registered domestic partnership  (Exhibit 21, Exhibit 22, Exhibit 23, Exhibit 24)
10. The Defendant denied the Plaintiff's claim for health coverage through Defendant Allied Universal, et al. benefits on February 9, 2022 in an email (Exhibit 24 ).
11. The Plaintiff has complied with the Plaintiff's obligations under the contract, specifically by making it known to the Defendant the Plaintiff wants the coverage the Defendant offered the Plaintiff. (Exhibit 2, Exhibit 5 Exhibit 8, Exhibit 11, Exhibit 15, Exhibit 19, Exhibit 22, and Exhibit 23)
12. Refer to *Mohammed v. Allied Universal, et al.* Plaintiff Call to Relief for the facts showing the Plaintiff is entitled to damages.

# United States District Court

Nubian Mohammed
    Plaintiff

v.

Allied Universal, et al.
    Defendant

### Plaintiff Call for Relief

    Over the course of about 4 months the Plaintiff underwent and is continuing to undergo the psychological traumatic experience of being disregarded and belittled by Defendant Allied Universal, et al. Defendant Allied Universal, et al. abrasively rejected the Plaintiff's consistent demonstration of the facts surrounding the evidence of what the Plaintiff is eligible for with regard to the health coverage Defendant Allied Universal, et al. offers to those who want the benefits of a registered domestic partnership (see attached Exhibit 22, Exhibit 23, and Exhibit 24 ).

    On numerous occasions the Plaintiff made requests via telephone and in writing for the Defendant to produce the evidence to confirm that all the individuals within a registered domestic partnership are not eligible for the Allied Universal Benefits coverage that was offered to the Plaintiff and other similarly situated Allied Universal employees (see attached Exhibit 2, Exhibit 5, Exhibit 8, Exhibit 11, Exhibit 15, Exhibit 17, and Exhibit19). In fact, rather than producing the evidence and also explaining when and by what means said evidence was made available to the Plaintiff and other similarly situated Allied Universal employees to affirm all the individuals within a domestic partnership are not eligible for the Allied Universal Benefits coverage, the Plaintiff was directed by the Defendant Allied Universal, et al. to the rules of Health coverage that the Plaintiff and other similarly situated Allied Universal employees are not eligible for (see attached Exhibit 20 and Exhibit 21). With the Plaintiff not being eligible for Allied Universal Health and Welfare Benefits as indicated in the attached Exhibit 21, not once but twice, the Plaintiff put forth the clear evidence demonstrating the Plaintiff and other similarly situated Allied Universal employees are not eligible for Health and Welfare Benefits and therefore are not subject to the policies set forth in accordance to the Allied Universal Health and Welfare benefits.

    The Plaintiff has developed damaged self esteem feeling insignificant and/or unimportant as a human being due to these traumatic psychological events inflicted on the Plaintiff by Defendant Allied Universal, et al.

    The Plaintiff Nubian Mohammed is a practicing Muslim. The reality is in addition to Islam being a religion, Islam is a way of life, knowing that the city of Somerville, Massachusetts offers individuals the opportunity to be a part of a registered domestic partnership despite being more than two individuals (see attached Exhibit 6, Exhibit 7 and Exhibit 26), which resembles polygeny in Islam, the Plaintiff saw this (registered domestic partnership in Somerville, Massachusetts), and upon seeing in writing that Defendant Allied Universal, et al. offers coverage for a registered domestic partnership (see attached Exhibit 1 and Exhibit 3 page 4),

the Plaintiff continues to see this as an opportunity to further practice the Plaintiffs way of life which is Islam.

Therefore, the Plaintiffs way of life has been tremendously affected by Defendant Allied Universal, et al. knowing islamically it is permissible to have more than one wife. This is evident due to the statement of Allah (God) in the Qur'an in an English translation of Surah An-Nisa Ayah 3

"And if you fear that you shall not be able to deal justly with the orphan girls then marry other women of your choice, two or three, or four; but if you fear that you shall not be able to deal justly with them then marry only one or those your right hands possess. That is nearer to prevent you from doing injustice"

Certainly, there is a difference between recognized legal marriages, or in this instance a registered domestic partnership according to the state of Massachusetts and Islamic marriages. Regardless of the fact that Islamic marriages are not recognized legally in the state of Massachusetts or any other state within the United States of America to the best of the Plaintiff's knowledge, but as far as not doing injustice to Islamic wives as Allah says in the Qur'an mentioned above, being able to have legal acceptance and/or benefits in the state of Massachusetts through a registered domestic partnership with multiple individuals is a means of making the legislation of Allah that much more appealing in the 21st century for all of those who are practicing Muslims and wish to engage in polygeny, which is why the Plaintiff is filing this case in accordance to a class-action by being one or more representative persons as a class action, with the class members being the Plaintiff and practicing Muslims in Massachusetts, which include employees of Defendant Allied Universal, et al. which are too numerous to count.

Be that as it may, since there is a difference between recognized legal marriages, or in this instance a registered domestic partnership according to the state of Massachusetts and Islamic marriages, the Plaintiff currently and foreseeably wants to be in a registered domestic partnership along with being islamically married to 3 women and to treat them equally with regards to time spent with them and money spent on them as are their rights in the religion of Islam. Health Care and/or medical expenses in particular are a part of womens rights in Islam. In the event of the Plaintiff having children or adopting newborn children, having stepchildren, having children for whom the Plaintiff is the legal guardian, having foster children, having children for whom the Plaintiff is legally responsible to provide health coverage under the qualified medical child support order (QMCSO) with the women of the registered domestic partnership, all the women of the registered domestic partnership and the children are eligible for coverage through Allied Universal Benefits (see attached Exhibit 3 page 4 in the "Dependent Eligibility" section).

Defendant Allied Universal, et al. refuses to uphold and/or provide the benefits they assert to provide for Allied Universal employees (see attached Exhibit 1 and Exhibit 3), by denying the claim of the Plaintiff and trying to force upon the Plaintiff the policies of coverage the Plaintiff and all others similarly situated are not eligible for (see attached Exhibit 21, Exhibit 24 ). Due to the fact Defendant Allied Universal, et al. refuses to uphold and/or provide the benefits Defendant Allied Universal, et al. asserts will provide to the Plaintiff and similarly situated Allied Universal employees, the Plaintiff, used the website

https://bcbsma-ifp.healthinsurance-asp.com/bcbsma/user/Welcome.action in order to guage an estimated cost for a health insurance policy seperate from Defedant Allied Universal, et al. with benefits similar to the coverage Defendant Allied Universal, et al. provides, the estimated cost is $782.10 per month (see attached Exhibit 25). When multiplied by 3 women (as to not give monetary preference to one over the others by having separate policies from the Plaintiff of equal coverage in order to spend on them equally) and again multiplied by 12 months in a year and again multiplied by 26 years which is the amount of time children are allowed to be covered by the parents health care policy, leads to the Plaintiff being willing to accept compensatory damages amounting to an estimated $732,045.60 due to the fact the Plaintiff has to find health coverage policies separate from Defendant Allied Universal, et al. despite Defendant Allied Universal, et al. offering benefits to those in registered domestic partnerships (see attached Exhibit 1 and Exhibit 3 ).

  Moving forward, the Plaintiff needs the Court and/or jury to prevent and/or discourage the Defendant Allied Universal, et al. from inflicting such psychological hardship and undeserved mistreatment of Allied Universal employees for the future generations to come as is being done to the Plaintiff. This call for Relief is also especially sought after since it is the means to seek the benefits that Defendant Allied Universal, et al. claims to provide those who want the benefits of a registered domestic partnership (see attached Exhibit 1 and Exhibit 3 page 4).

  It is important to make known the Defendant Allied Universal, et al. financial background. Using the Defendant Allied Universal, et al. website, different articles are available describing the Defendant Allied Universal, et al. financial background. According to https://www.aus.com/ceo-biography  "As Global Chairman and Chief Executive Officer of Allied Universal, Steve Jones presides over Allied Universal companies and their respective divisions. Under his leadership, Allied Universal has grown from $12 million in revenue to more than $18 billion with more than 800,000 employees and has acquired over 70 companies." Also, according to https://www.aus.com/about-us/at-a-glance it is noted by Defendant Allied Universal, et al. "Global demand for security services is forecast to rise 3.6% per year to $263 billion in 2024 (Freedonia global Security Services Report 2020) and we believe that we have the expertise and global footprint to grow our core security revenues to meet this demand". Further, in order to make known the Defendant Allied Universal, et al. financial background, according to https://www.aus.com/about-us/at-a-glance Defendant Allied Universal, et al. states "Operating in more than 90 countries with revenues of approximately $20 billion, we are supported by efficient processes and systems that can only come with scale to help deliver our promise locally: keeping people safe so our communities can thrive."

  Based on the above presented information regarding Defendant Allied Universal, et al. financial background, the Plaintiff would accept punitive damages in the amount of $10,000,000 or whatever the judge and/or jury deem fit having the understanding the amount must be appropriate considering Defendant Allied Universal, et al. generates billions of dollars.The total amount in damages needs to be a demonstration of a firm stance on false statements and representations of benefits provided will not be tolerated in society and also the total amount in damages would create a potentially lasting and ongoing deterrent from Defendant Allied Universal, et al. from participating in producing false statements and representations of benefits provided which is legally prohibited.

Further, the Plaintiff being Pro Se is seeking attorney fees in the amount of $50,000. See *DEIRDRE H. ROBBINS vs. BARBARA J. KROCK & another.* for the reasoning.

Thus, the Plaintiff is seeking monetary damages in the amount of $10,782,045.60 or whatever the judge and/or jury deem fit.

DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by this Complaint.

# United States District Court

Nubian Mohammed
    Plaintiff

v.

Allied Universal, et al.
    Defendant

## The Amount in Controversy Asserted by Plaintiff

The amount in controversy – the amount the Plaintiff Nubian Mohammed claims the Defendant Allied Universal, et al. owes or the amount at stake is more than $75,000, not counting interest in cost of the court because the total amount at stake is estimated to be $10,782,045.60

FILED IN CLERKS OFFICE
2022 APR -1 AM 9: 56
U.S. DISTRICT COURT
DISTRICT OF MASS.